1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10  SEAN SHIELDS,

11            Plaintiff,                No. 2: 10-cv-2866 WBS KJN P

12       vs.

13  SERGEANT KOELING, et al.,

14            Defendants.              <u>ORDER</u>

15  _____/

16            Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action

17  pursuant to 42 U.S.C. § 1983, and an action pursuant to the Americans with Disabilities Act

18  ("ADA").  The defendants are Sergeants Koelling and Martinez.  Plaintiff alleges that on April

19  10, 2009, defendants forced plaintiff to move to an upper bunk even though plaintiff had a lower

20  bunk chrono.  Plaintiff later fell from the upper bunk and suffered injuries.

21            Pending before the court are plaintiff's motions to compel filed September 7,

22  2011, and September 12, 2011.  Both motions concern the same matters.

23            *Interrogatories and Request for Production of Documents*

24            Plaintiff first alleges that defendants failed to respond to interrogatories and

25  requests for production of documents.  Plaintiff alleges that he served defendants with

26  interrogatories and requests for production of documents on May 13, 2011.  Plaintiff granted

1

1  defendants an extension of time to July 11, 2011, to file their responses.  Plaintiff then sought to

2  extend the July 29, 2011 discovery cut-off date by thirty days in order to file the pending motion

3  to compel.  On August 11, 2011, the undersigned granted this motion and ordered plaintiff's

4  motion to compel due within thirty days.  Plaintiff alleges that on August 31, 2011, he attended

5  his deposition at which he informed defense counsel that he still had not received defendants'

6  responses to discovery.  Plaintiff alleges that defense counsel advised him to file a motion to

7  compel.

8          In the opposition to the pending motion, defendants do not dispute plaintiff's

9  version of events.  Defendants state that they are now forwarding to plaintiff responses to the

10  interrogatories and request for production of documents.

11          Because plaintiff has now received defendants' responses to the interrogatories

12  and request for production of documents, the motion to compel is denied without prejudice.

13  Plaintiff is granted thirty days to file a renewed motion to compel specifically addressing why the

14  responses are deficient.[1]

15              *Requests for Admissions*, Set Two

16          Plaintiff's motion to compel seeks further responses to requests for admissions.

17  Plaintiff alleges that on May 24, 2011, he submitted a second set of requests for admissions

18  directed to each individual defendant.  Plaintiff alleges that in their response, defendants objected

19  to nearly every request.  With their response, defendants also included a letter requesting a two

20  week extension of time to amend their requests.  Plaintiff granted this request.  When plaintiff

21  did not receive defendants' amended response by the discovery cut-off, plaintiff filed the pending

22  motion to compel.

23  ////

24  _____

25  [1]  The court is very concerned about defendants' and defense counsel's apparent
   lackadaisical approach to responding to discovery requests.  In ruling upon plaintiff's renewed
   motion to compel, the court may take up the issue of whether sanctions are appropriate and
26  whether any objections by defendants have been waived.

1    In their opposition to the pending motion, defendants do not dispute plaintiff's

2 version of events.  Defendants state that they are now forwarding to plaintiff amended responses

3 to request for admissions, set two, propounded to defendant Koelling and amended responses to

4 request for admissions, set two, propounded to defendant Martinez.  Defendants claim that in

5 preparing their original responses to the request for admissions, they did not have access to

6 plaintiff's prison and medical files.  Defendants state that they obtained access to these files after

7 preparing the initial responses and after plaintiff granted them access.  Their amended responses

8 are based on reviewing these files.

9    Because plaintiff has received amended responses to the requests for admissions,

10 set two, the motion to compel is denied without prejudice.  Plaintiff is granted thirty days to file a

11 renewed motion to compel specifically addressing why the responses are deficient.[2]

12    *Request for Admissions, Set One*

13    Plaintiff alleges that on May 13, 2011, he submitted one set of request for

14 admissions directed to all defendants.  This request contained twenty-nine requests.  In the

15 opposition to the pending motion, defendants stand by their original responses to these requests.

16 Accordingly, the court will address the merits of the motion to compel as to request for

17 admissions, set one, herein.

18    Plaintiff objects to defendants' responses to request for admissions 1-18, 21-22

19 and 24-27.

20    Request no. 1 asked defendants to admit the authenticity of the copy of the

21 document attached as Exhibit A.  Plaintiff described this document as the Department of

22 Corrections Health Care Services Division Policies and Procedures, Volume 4, Chapter 23,

23 Comprehensive Accommodation Chrono, January 2006.  Request no. 2 asked defendants to

24 ───────────────────

25 [2] The court is again concerned by defendants' and defense counsel's apparent
lackadaisical approach in responding to the requests for admissions.  In ruling on a renewed
26 motion to compel regarding the requests for admissions, set two, the court may take up the issue
of sanctions and whether objections have been waived.

1    admit the authenticity of the copy of the document attached as Exhibit B.  Plaintiff described the

2    document as the Institution Operations Plan, California Department of Corrections and

3    Rehabilitation, California State Prison-Solano, Vacaville, CA, Plan for: Double Celling, Number

4    CSPS-L3-09-050, Dated: November 2009.

5            Defendants objected to request nos. 1 and 2 on grounds that they called for

6    speculation.  Defendants stated that they lacked sufficient information or knowledge to

7    authenticate the documents.  Defendants also stated that they did not believe that they were the

8    appropriate persons to authenticate the documents and that perhaps authentication could be done

9    by someone in Health Care Services.

10           The document attached as exhibit A concerns health care matters.  (Dkt. No. 22,

11   part I, pp. 39-42.)  Defendants objection that they are not authorized to authenticate this

12   document has merit.  Accordingly, the motion to compel as to request no. 1 is denied.[3]

13           The document attached as exhibit B states that it is the Institution Operations Plan

14   regarding double celling.  (Id. at 44.)  This document concerns matters related to corrections.

15   Defendants' objection that this document concerns matters related to Health Care Services is

16   without merit.  In their opposition to the motion to compel, defendants argue that they cannot

17   determine whether these documents are authentic or if they have been altered in any way.

18   Defendants argue that the Custodian of Records must authenticate these documents.  The

19   objections contained in defendants' opposition have merit.  Accordingly, the motion to compel as

20   to request no. 2 is denied.[4]

21   ////

22

---

23        [3] The undersigned understands and accepts a well-taken objection that defendants do not
     know if a particular document is authentic.  However, defense counsel is cautioned that if
24   defendants are not truly disputing the authenticity or admissibility of a document, the court will
     look with disfavor upon litigation tactics designed merely to delay or impede advancement of the
25   litigation.

26        [4] See n.3 above.

4

1    Request nos. 5 and 6 are set forth herein:

2    Request no. 5: Admit that the Disability and Effective
     Communication System ("DECS") is a state-wide, computerized,
3    networked, real time tracking system to track prisoners with
     disabilities.
4
     Request no. 6: Admit that the DECS contains information about an
5    inmate's: DPP Designation Code; Disability Accommodations;
     Placement and Classification Factors.
6

7           As to request no. 5, defendants responded that the information responding parties

8    know or can readily obtain provides that DECS is not "real time" and accurate.  On that basis,

9    defendants "denied" request for admission no. 5.  As to request no. 6, defendants responded that

10   the information defendants knew or could readily obtain provided that DECS contains this

11   information only if it is up to date.  On this basis, defendants denied this request for admission.

12   The undersigned finds that defendants have adequately responded to request nos. 5 and 6.

13   Accordingly, the motion to compel as to these requests is denied.

14          Defendants provided identical responses to request for admissions nos. 3, 4, 7-18,

15   20, 22, 24-27.  These requests are set forth herein:

16   Request no. 3: Admit that the Disability Placement Program
     ("DPP") has been established by the CDCR since 1996.
17
     Request no. 4: Admit that DNM is a DPP category code indicating
18   that an inmate with this designation has an Americans with
     Disabilities Act recognized impairment.
19
     Request no. 7: Admit that printed DECS Roster Reporters are
20   printed on a weekly basis and distributed to each housing unit.

21   Request no. 8: Admit that housing unit staff are responsible for
     reviewing the DECS Roster Reports to ensure inmates in their unit
22   are housed according to their listed housing restrictions.

23   Request no. 9: Admit that CDCR health care staff complete CDC
     form 7410, Comprehensive Accommodation Chrono(s) for
24   accommodations that are medically necessary or are required under
     the Americans with Disabilities Act (ADA).
25
     Request no. 10: Admit that the purpose of utilizing the
26   Comprehensive Accommodation Chrono is to document temporary

and permanent health accommodation information in a systematic and uniform manner and the [sic] minimize the disruption of needed accommodations that could result from inmate patient movement.

Request no. 11: Admit that the CDCR 7410, Comprehensive Accommodation Chrono, functions as a physician's order.

Request no. 12: Admit that the original copy of the CDCR Form 7410, is filed in the inmate patient's Unit Health Record.

Request no. 13: Admit that the original copy of the CDCR Form 7410 is placed in the inmate patient's Central File.

Request no. 14: Admit that the original copy of the CDCR Form 7410, is provided to the inmate patient.

Request no. 15: Admit that the original copy of the CDCR Form 7410 is provided to the inmate patient's housing unit.

Request no. 16: Admit that the original copy of the CDCR Form 7410 is provided to the inmate patient's assigned correctional counselor.

Request no. 17: Admit the original copy of the CDCR Form 7410 is provided to Inmate Assignment Office.

Request no. 18: Admit that CDCR Form 7410 is only issued for inmates with serious medical conditions, that if assigned to an upper bunk, may be subjected to an unreasonably dangerous condition or undue pain.

Request no. 20: Admit that only a staff member at the level of Correctional Lieutenant or higher can be designated as the screening authority.

Request no. 22: Admit that among the factors to be considered by the housing screening authority identified in requested admission number 20 [i.e., Correctional Lieutenant or higher] is an inmate's medical concerns, i.e., medical chronos.

Request no. 24: Admit that the screening authority, identified in requested admission number 20 [i.e., Correctional Lieutenant or higher] documents an inmate's housing assignment restrictions on a CDCR Form 1882.

Request no. 25: Admit that an inmate's CDCR Form 1882 is kept in his Central File.

Request no. 26: Admit that an inmate's housing status, regarding special category inmates, is to be maintained during subsequent housing processes (See 15 CCR § 3269.1(d); Departmental Operations Manual

1    ("DOM") § 54-46.5.)

2    Request No. 27: Admit that among the factors to be considered in
     maintaining special category inmates as identified in requested
3    admission number 26, are medical issues.

4    (Document no. 22 at 110-119.)

5    Regarding the requests set forth above, defendants first stated that it appeared that

6    plaintiff was attempting to have them admit or deny various language from the exhibits attached

7    to the request for admissions.  Defendants stated that if plaintiff authenticated these documents,

8    the documents spoke for themselves.  Defendants went on to state that at this time they were

9    unable to authenticate the documents but if they were later able to do so, they would provide

10   amended responses.

11   Defendants went on to object to these requests as unduly burdensome, oppressive

12   and harassing.  Then, without waiving objections, defendants stated that they were Corrections

13   Officers, and not in Health Care Services.  Defendants stated that after conducting a reasonable

14   inquiry, the information the parties knew or could readily obtain was insufficient to allow them

15   to admit or deny the requests.

16   Defendants do not explain why the requests are burdensome, oppressive and

17   harassing.  Because the grounds of these objections are not apparent, the undersigned finds that

18   they are without merit.  Defendants next state that they cannot answer these requests because they

19   involve matters concerning Health Care Services, and defendants are in corrections.

20   Defendants' claim that they cannot answer the requests because they concern

21   Health Care Services is valid as to several of the requests including request nos. 3, 4, 9, 10, 11,

22   12, 13, 14 and 18.

23   Request nos. 7 and 8 concern the DECS, including whether the DECS rosters are

24   distributed to each housing unit.  Because defendants were able to respond to request nos. 5 and 6

25   which addressed the DECS, it is unclear why defendants are unable to answer request nos. 7 and

26   8.  Accordingly, defendants shall provide a further response to these requests.

Request nos. 15, 16 and 17 ask defendants to admit that the CDCR Form 7410 is provided to the inmate's housing unit, correctional counselor and Inmate Assignment Office. These requests appear to concern whether corrections officials working in the inmate's housing unit, including correctional counselors, are given CDCR Form 7410.  Accordingly, defendants are directed to provide a further response to request nos. 15, 16 and 17.  If these matters are not related to corrections operations, defendants shall provide information supporting this response.

Request no. 20 clearly concerns matters related to corrections as opposed to health care.  Accordingly, defendants shall provide a further response to request no. 20.

Request nos. 22 and 24 asks defendants to admit matters regarding the duties of correctional staff involved in determining the appropriate housing for inmates.  These requests concerns matters related to corrections.  Accordingly, defendants shall provide a further response to request nos. 22 and 24.

Request no. 25 asks defendants to admit whether a CDCR Form 1882 is kept in an inmate's Central File (as opposed to medical file).  This request concerns matters related to corrections.  Accordingly, defendants shall provide a further response to request no.  25.

Request nos. 26 and 27 concerns matters related to housing.  As such, these requests appear to concern matters related to corrections.  Accordingly, defendants shall provide further responses to request nos. 26 and 27.

Defendants admitted request nos. 19, 23, 28 and 29.  Defendants denied request nos. 20 and 21.  Plaintiff has not demonstrated how these responses are inadequate.  Because defendants responded to these requests, the motion to compel as to these requests is denied.

*Stipulations*

Plaintiff alleges that at his August 31, 2011 deposition, he asked defense counsel to admit the authenticity of several documents.  Defense counsel refused.  Plaintiff now asks the court to compel defendants to admit the authenticity of several documents.  Plaintiff alleges that he did not have sufficient time to serve defendants with requests for admissions asking them to

admit the authenticity of these documents.

Because plaintiff did not serve defendants with timely requests for admissions regarding these matters, the undersigned cannot compel defendants to admit the authenticity of the at-issue documents.  Accordingly, the motion to compel as to this matter is denied.

Conclusion

On October 31, 2011, plaintiff filed a motion for an extension of time to file pretrial motions.  Plaintiff requests that the pretrial motion deadline be re-set for after resolution of his motion to compel.  Good cause appearing, this motion is granted.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motions to compel (Dkt. Nos. 21 and 24) are granted as to request for admissions, set one, nos. 7, 8, 15, 16, 17, 20, 22, 24, 25, 26 and 27; within twenty-one days of the date of this order, defendants shall provide plaintiff with a further response to these requests; plaintiff's motion to compel is denied in all other respects;

2.  Plaintiff is granted thirty days from the date of this order to file a motion to compel regarding defendants' responses to his request for production of documents, interrogatories and further responses to requests for admissions, set two; and

3.  Plaintiff's motion for an extension of time (Dkt. No. 29) is granted; the pretrial motion deadline of October 21, 2011 is vacated and will be re-set following the resolution of all outstanding discovery matters.

DATED:  January 13, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

sh2866.com