UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN SHIELDS,<br><br>             Plaintiff,<br><br>      v.<br><br>SERGEANT KOELLING, et al.,<br><br>             Defendants. | No. 2:10-cv-2866 WBS KJN P<br><br>ORDER SETTING<br>SETTLEMENT CONFERENCE |

Plaintiff is a state prisoner, proceeding through counsel, in an action brought under 42 U.S.C. § 1983. The court has determined that this case will benefit from a settlement conference; therefore, this case will be set for a settlement conference on November 25, 2014, at 9:00 a.m., at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #25 before the undersigned.

Parties will be required to file a signed Waiver of Disqualification, or notice of non-waiver of disqualification, no later than October 24, 2014. If parties file notice of non-waiver of disqualification, a randomly selected Magistrate Judge will be assigned to conduct the settlement conference on a date and time to be determined by the court.

////

////

1

A separate writ of habeas corpus ad testificandum will issue concurrently with this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before the undersigned on November 25, 2014, at 9:00 a.m., at the U.S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #25.

2. Parties are required to file a signed Waiver of Disqualification, or notice of non-waiver of disqualification, no later than October 24, 2014. If parties file a notice of non-waiver of disqualification, a randomly selected Magistrate Judge will conduct the settlement conference on a date and time to be determined by the court.

3. A representative with full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf shall attend in person.[1]

4. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

5. The parties are directed to exchange non-confidential settlement statements seven days prior to the settlement conference. These statements shall simultaneously be delivered to the

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).

2

court using the following email address: kjnorders@caed.uscourts.gov.  If a party desires to share additional confidential information with the court, they may do so pursuant to the provisions of Local Rule 270(d) and (e).

Dated:  September 17, 2014

Shields.set

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN SHIELDS,<br><br>              Plaintiff,<br><br>    v.<br><br>SERGEANT KOELLING, et al.,<br><br>              Defendants. | No. 2:10-cv-2866 WBS KJN P<br><br><br>WAIVER OF DISQUALIFICATION |

Under Local Rule 270(b) of the Eastern District of California, the parties to the herein action affirmatively request that Magistrate Judge Newman participate in the settlement conference scheduled for November 25, 2014. To the extent the parties consent to trial of the case before the assigned Magistrate Judge, they waive any claim of disqualification to the assigned Magistrate Judge trying the case thereafter.

                                                                                         _____
By:
    Attorney for Plaintiff

Dated:_____

                                                                                         _____
By:
    Attorney for defendants

Dated:_____